UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARNOLD ADAMS,

        Plaintiff,

v.   Case No. 8:08-cv-679-T-24EAJ

JUDGE BARBRA FLEISCHER,
DEPUTY G.D. JOHNSON,
CHRISTINE VOGAL,
CANDICE WHITAKER,
JUDGE RONALD FICARROTTA,
HILLSBOROUGH COUNTY, et al.,

        Defendants.

_____

**O R D E R**

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed because it is apparent from the face of the complaint that Plaintiff's claims have not accrued pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994).

    Plaintiff Adams alleges that:

        The Defendants, et al., have conspired to violate this Plaintiff's constitutional rights as found within the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Article 1, sections 9 and 15 of the Florida States [sic] Constitution, by the fabrication of information to convict, and conspiring to obstruct the due course of the Administration of Justice, thereby making it a "practice, policy and/or procedure to deny due process of law to accused persons."

(Complaint, p. 7)

Specifically, Adams claims that

1. In 1991, Defendant Barbra Fleischer, a State Court Judge "conspired" with Christine Vogal, Assistant States Attorney, and Candice Whitaker, an Assistant States Public Defender to illegally force this Plaintiff into a plea agreement.

2. There never was any Informations filed in the State Court. Therefore, Defendant Judge Barbra Fleischer knew that she had no authority to accept a plea.

3. Defendant Barbra Fleischer knew she was violating state and federal laws by making threats to force Plaintiff to accept the plea.

4. Defendant, Deputy G.D. Johnson filed criminal charges that the Defendant Deputy knew to be false. This Defendant could not get a "sworn affidavit from any material witnesses" (*Weinberg*, 780 So. 2d 214). So this Defendant began the said conspiracy, via fabrication, which is a practice in this County. *See Aisenberg v. HCSO, et al.,* 325 F.2d 1366.

5. This Defendant, Deputy went to Defendant, then Assistant States Attorney Christine Vogal, who then conspired to falsely convict this Plaintiff without any charging documents, the Informations.

6. This Defendant, Christine Vogal then conspired with Defendant Candice Whitaker and Defendant Barbra Fleischer to falsely convict this Plaintiff via a plea, without any jurisdiction to do so.

7. The Defendant, Candice Whitaker, an Assistant Public Defender was appointed by Defendant Barbra Fleischer.

8. This Plaintiff learned that there never was an Information filed in his criminal case, via the Clerk of Courts.

9. This Plaintiff furthered an Investigation and moved the Attorney General's Office to provide any and all copies of the Informations, in his criminal case.

10. The Attorney General's Office acknowledged that NO INFORMATIONS was [sic] ever filed.

11. This Plaintiff filed a habeas corpus.[1]

12. In case No: 94-1823 -- which was denied in the lower court. This Plaintiff filed a Writ of Habeas Corpus.

13. This Habeas Corpus alleged that the States Attorney, Christine Vogal NEVER filed any Informations in the lower tribunal.

14. Upon appeal, 900 So. 2d 598 (Fla. 2d DCA 2004) *Adams v. State*, the District Court reversed.

15. The Defendant Ronald Ficarrotta stayed the proceedings and allowed prosecutor, now Defendant Christine Vogal to back-date and fabricate an Informations [sic].

16. This was the meeting of the minds for these two Defendants.

17. Therefore, the conspiracy is ongoing. Because the Informations [sic] was backdated. The unknown notary will be called as a material witness for the United States.

18. Plaintiff is moving the United States Senate Judiciary for 28 U.S.C.A. 1361 Motion to compel a federal officials [sic] to arrest and indict these Defendants.

As relief, Adams seeks the following:

1. This Plaintiff seeks an Injunction against the judges, as this is his only remedy as to these actors.

2. This Plaintiff seeks a writ of prohibition in the United States Supreme Court, prohibiting the United States from appointing these corrupt actors to any federal appointment.

3. This Plaintiff seeks $1,000,000.00 in actual damages from Defendants, Deputy G.D. Johnson, Defendant Candice Whitaker, and Hillsborough County.

4. This Plaintiff seeks a declaratory judgment.

5. This Plaintiff seeks punative [sic] damages.

---

[1] This was a state petition for writ of habeas corpus.

6. This Plaintiff seeks costs and fees.

7. This Plaintiff demands a jury trial.

Discussion

On first reading, it appears that Adams' claims are barred by the four-year statute of limitations applicable in 42 U.S.C. § 1983 cases. However, on December 17, 2004, the state district court of appeal entered the following order in *Adams v. State*, 900 So. 2d 598 (Fla. 2d DCA 2004):

> **Background**: Defendant petitioned for habeas relief from the remaining supervised release portion of his sentence, challenging the sufficiency of the charging document and alleging ineffective assistance of counsel. The Circuit Court, Hillsborough County, Ronald Ficarrotta, J., denied petition on sole basis that defendant was no longer incarcerated. Defendant appealed.
>
> **Holding**: The District Court of Appeal held that supervised release constituted a continuation of sentence as to warrant consideration of defendant's petition on the merits.
>
> **Reversed and remanded.**
>
> PER CURIAM.
>
> Arnold Adams filed a petition for habeas corpus, alleging that he was entitled to immediate release because he was illegally detained on an insufficient charging document and because he received ineffective assistance of counsel. The court denied the petition on the sole basis that Mr. Adams was no longer incarcerated. On appeal, Mr. Adams claims that he remains under the supervision of the Department of Corrections, and the State concedes that, if this is true, the petition should not have been denied on the basis that the petitioner was no longer incarcerated. As the State admits, supervised release constitutes a continuation rather than a termination of the sentence. *See Sellers v. Bridges*, 153 Fla. 586, 15 So.2d 293 (1943).
>
> Accordingly, we reverse and remand for the circuit court to consider the petition on its merits.

Because the state district court of appeal entered the above-cited order on December 17, 2004, the case cannot be barred by the four-year statute of limitations applicable in 42 U.S.C. § 1983 cases.

However, nothing in the record indicates that the state trial court ruled in Adams' favor on remand. Therefore, if this Court were to find that Adams had been illegally convicted pursuant to a conspiracy among the Defendants to convict Adams on an illegal charging document, the decision of this Court would implicitly question the validity of Adams' conviction.

Under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), a prisoner may not bring a claim for damages under 42 U.S.C. § 1983 "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." Where the success in a prisoner's § 1983 damages action would implicitly question the validity of the conviction or duration of the sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. Adams has not done so. Therefore, Adams' claims have not yet accrued in this Court.

Accordingly, the Court orders:

1. That Adams' request for injunctive relief "against the judges" is denied. Plaintiff has not identified any kind of injunctive relief to which he is entitled.

2. That Adams' request for a Writ of Prohibition in the United States Supreme Court is denied. This Court does not have power issue such a writ.

3. That Adams' request for a declaratory judgment is denied. Adams' claims have not accrued in this Court.

4. That Adams' complaint is dismissed, without prejudice to his filing a new complaint, in a new case, with a new case number, when he has achieved favorable termination of his available state, or federal habeas remedies as to his claim that he is "entitled to immediate release because he was illegally detained on an insufficient charging document." *Adams v. State*, 900 So. 2d at 598.

The Clerk is directed to enter judgment against Adams and to close this case.

ORDERED at Tampa, Florida, on April 11, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Arnold Adams